UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                               ORDER

JUAN COLON,                            No. 19-CR-601 (CS)

               Defendant.
--------------------------------------------------------x

Seibel, J.

Before the Court is Defendant Juan Colon's motion for reduction of sentence under 18

U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF Nos. 36-38),[1] and the

Government's opposition thereto, (ECF No. 39).

On December 20, 2019, Defendant was sentenced principally to 132 months'

imprisonment on his convictions for conspiracy to distribute heroin and crack.  (ECF No. 21.)

That sentence was the below the Sentencing Guidelines range of 188-235 months.  He has served

a little more than 52 months.  He argues that his sentence should be reduced because: 1) his son

needs him; 2) conditions during COVID have been harsh; 3) he has been rehabilitated through

programming and work in prison and has not been disciplined; and 4) he has a reentry plan.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a)

factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is

consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement

1B1.13 imposes similar requirements, along with the provision that the Defendant not be a

---

[1]At the Court's direction, (ECF No. 35), counsel filed the motion with an unsigned
declaration from Defendant and without certain medical records pertaining to Defendant's son.  I
accept counsel's and Defendant's representations about his son's medical condition without the
need to see any additional records.  Likewise, I assume the truth of the statements in the
declaration even though Defendant has not yet been able to sign it.

danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing

a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an

extraordinary and compelling reason other than or in combination with one of the above.  But

"[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline §

1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d

Cir. 2020).  "The defendant bears the burden of showing that the circumstances warrant a

sentence reduction."  *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir.

Mar. 28, 2022) (summary order).

Defendant's 17-year-old son suffers from a serious medical condition, and no doubt

would benefit from his father's support.  But for several years before his arrest in the instant case,

Defendant communicated with his son only by phone.  (Pre-Sentence Report ("PSR") ¶ 65.)

Moreover, thirteen of Defendant's twenty-six prior convictions (including the instant conviction)

were for offenses committed after his son's diagnosis.  (*See* PSR ¶¶ 39-50; ECF No. 38 at 38-2 at

2-4.)  Defendant may well regret that he did not factor his son's needs into his decision-making

over all those years, and he may also regret not being more of a physical presence in his son's

life.  But separation from family members is one of "the sad and inevitable consequences of

incarceration."  *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov.

10, 2020).  Hardship on the family almost always results from serious criminal conduct, and

while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his

[family] . . . that does not constitute an extraordinary and compelling reason" to reduce his

sentence, *id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y.

July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome

to family members, who must bear the stress of managing their lives without the defendant's

help.  It is an unfortunate fact, however, that these burdens are common to almost all families of

incarcerated people, and do not constitute extraordinary or compelling factors."), especially for

someone who was not a hands-on  parent.  Fortunately, there is no indication that Defendant's

son's mother is in any way inadequate as a caregiver.

The conditions implemented during the pandemic do not elevate Defendant's

situation to the level of extraordinary or compelling.  I do not mean to minimize the difficulty

that the pandemic has caused for inmates (or those on the outside, for that matter), but those

universal conditions do not give rise to extraordinary and compelling circumstances. *See United

States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).  It is unfortunate that

Defendant is suffering from asthma, but by his account she is receiving medical attention within

the Bureau of Prisons.  *See United States v. Zubkov*, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020)

(no extraordinary or compelling reason where defendant was stable and receiving proper medical

attention).

"Rehabilitation of the defendant alone shall not be considered an extraordinary and

compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors

in determining whether there are extraordinary and compelling reasons for a sentence reduction.

*See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976

F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*).  Defendant's participation in programming and work is commendable, but it is not exceptional.  Similarly, maintaining good conduct in prison is not uncommon, and indeed is expected.  *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).  Finally, that Defendant has plans for his future is also commendable, but again, not extraordinary.  And, frankly, given Defendant's track record, there is reason to doubt that he will follow through on those plans.

In short, the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances.  I thus need not address the § 3553(a) factors, except to state that they militate strongly against reduction of Defendant's already below-Guideline sentence by more than half, for the reasons stated by the Government. (*See* ECF No. 39 at 3-4.)

For the reasons stated above,, the motion is denied.

Dated:  July 27, 2023
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.